IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICKKE LEON GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-06-63-L |
| v. | ) | |
| | ) | |
| JOHN WHETSEL, Sheriff, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Habeas corpus petitions are subject to preliminary review and summary dismissal under Rule 4 of the Rules Governing Section 2254 Petitions in the United States District Courts. Pursuant to Rule 4, the reviewing judge is required to screen habeas corpus petitions and dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...." Having undertaken the review of the Petition contemplated by Rule 4, it is recommended that the Petition be summarily dismissed without prejudice upon filing for failure to exhaust available state court remedies.

Although Petitioner alleges that he is filing the instant Petition under 28 U.S.C. § 2241, that statutory provision governs the habeas claims of state pre-trial detainees who

allege that their pre-trial confinement violates the Constitution. 28 U.S.C. § 2241; see also Jacobs v. McCaughtry, 251 F.3d 596, 597 (7th Cir. 2001)(*per curiam*)(explaining that a habeas petition filed by a pre-trial detainee is properly classified as a 28 U.S.C. § 2241 petition); Hemphill v. Whetsel, No. 04-6346, 2005 WL 1525746, *1 n. 1 (10th Cir. June 29, 2005)(unpublished op.)(noting district court properly construed 28 U.S.C. § 2254 petition as 28 U.S.C. § 2241 petition where petitioner sought habeas relief as pre-trial detainee); Gould v. Colorado, No. 02-1162, 2002 WL 1938596, *1 n. 1 (10th Cir. Aug. 22, 2002)(unpublished op.)(noting district court properly characterized pre-trial detainee's motion seeking habeas relief as 28 U.S.C. § 2241 petition).  Petitioner alleges in the Petition that he was denied his constitutional right to be present during a jury trial conducted in a state court criminal proceeding in the District Court of Oklahoma County, Case No. CF-2004-2588.  State court records available to the public on the world wide web, of which the undersigned takes judicial notice, reflect that Petitioner was convicted in Case No. CF-2004-2588 in a jury trial of possession of contraband in a penal institution and sentenced in September 2005. <www.oscn.net> (docket sheet in State of Oklahoma v. Rickke Green, District Court of Oklahoma County, Case No. CF-2004-2588). Therefore, the 28 U.S.C. §2241 Petition for a Writ of Habeas Corpus filed by Petitioner in this case is properly classified and construed as a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.[1]

---

[1]The Petitioner has a history of filing frivolous and abusive lawsuits in this and other courts.  Taking judicial notice of the Court's own records, Petitioner filed nine actions in this Court during 2005, and on January 17, 2006, he filed this action and four more actions.   In three of his most recent filings, including this Petition, Petitioner seeks habeas relief and alleges various constitutional deprivations during the same state court criminal proceeding in Oklahoma County District Court,

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A); see Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982). In this circuit, a habeas petitioner satisfies the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), cert. denied, 506 U.S. 924 (1992). See also 28 U.S.C. §2254(b)(i) and (ii). A habeas petition containing unexhausted claims is subject to dismissal unless the petitioner establishes that a recognized exception to the exhaustion requirement applies to excuse the lack of exhaustion. Miranda, 967 F.2d at 398; accord, Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995), cert. denied, 517 U.S. 1223 (1996); White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988).

Petitioner has not shown that he is unable to litigate his constitutional claims in a direct appeal. The state court record in Case No. CF-2004-2588 reflects that Petitioner has been appointed counsel for the purpose of pursuing a direct appeal and that a direct appeal from the conviction is pending. Petitioner's failure to exhaust his available state court

---

Case No. CF-2004-2588. Petitioner's filing of four separate actions, all of which relate to one state criminal proceeding, is abusive and vexatious and a thinly-veiled attempt to shop for a sympathetic judge.

remedies for challenging his conviction in Case No. CF-2004-2588 warrants the dismissal without prejudice of the Petition on this ground. Accordingly, the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 should be dismissed without prejudice for failure to exhaust state court remedies.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice for failure to exhaust available state court remedies. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by   February 9th  , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   20th   day of   January  , 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE